HAYNES AND BOONE, LLP
Tamara I. Devitt/Bar No. 209683
  tamara.devitt@haynesboone.com
Matthew E. Costello/Bar No. 295062
  Matthew.Costello@haynesboone.com
Bianca A. Valencia /Bar No. 331104
  Bianca.Valenica@haynesboone.com
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
T: (949) 202-3000 | F: (949) 202-3001

Attorneys for Defendant
PRECISION DYNAMICS INTERNATIONAL, LLC

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ORTOLIVO, an individual,<br><br>    Plaintiff,<br><br>  vs.<br><br>PRECISION DYNAMICS INTERNATIONAL, LLC, an Arizona limited liability company; KEVIN LONG, an individual; and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No. 3:22-cv-01812<br><br>(Removed from Alameda County Superior Court, Case No. 22CV006656)<br><br>**DEFENDANT PRECISION DYNAMICS INTERNATIONAL, LLC'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1332, 1441(b), and 1446, Defendant Precision Dynamics International, LLC ("PDI"), by and through its undersigned counsel, hereby removes the above-entitled action filed by Plaintiff Daniel Ortolivo ("Plaintiff"), from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, on the following grounds:

## I.    PROCEDURAL HISTORY

This is an employment case. On February 8, 2022, Plaintiff filed a civil complaint against PDI and Defendant Kevin Long ("Long") in the Superior Court of the State of California, County of Alameda, styled *Daniel Ortolivo v. Precision Dynamics International, LLC, et al.*, Case No. 22CV006656 (the "Complaint"). In the Complaint, Plaintiff alleges causes of action for: (1) failure to pay overtime wages in violation of Labor Code §§ 510 and 1194; (2) failure to allow meal and rest breaks in violation of Labor Code §§ 226.7 and 558; (3) failure to pay wages upon discharge in violation of Labor Code §§ 201-03; (4) failure to reimburse business expenses in violation of Labor Code § 2802; (5) unfair business practices in violation of California Business and Professions Code § 17200, et seq.; (6) age discrimination in violation of the Fair Employment and Housing Act ("FEHA") (against PDI only); (7) failure to prevent discrimination in violation of FEHA (against PDI only); and (8) wrongful termination in violation of public policy (against PDI only).

Plaintiff served the Summons and Complaint on PDI on February 20, 2022. Accordingly, this Notice of Removal is timely, as it is being filed within 30 days after service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a). A true and correct copy of Plaintiff's Summons and Complaint served on PDI, and state court documents related to the filing thereof, are attached hereto as **Exhibit A**.  A true and correct copy of PDI's Answer to the Complaint,

1  filed on March 21, 2022, in the state court action, is attached hereto as **Exhibit B**.

2  A true and correct copy of a Notice of Case Management Conference is attached

3  hereto as **Exhibit C**.  PDI has not been served with any other process, pleadings,

4  or orders from the state court action.

5  **II.    VENUE**

6        Plaintiff filed the Complaint in, and this action is being removed from, the

7  Superior Court of the State of California, County of Alameda, which is located in

8  the United States District Court for the Northern District of California.  28 U.S.C.

9  § 84(a).  Thus, this Notice of Removal is properly filed in this Court according to

10  the relevant removal statutes.  *See id.* §§ 1441(a), 1446(a)-(b).  Otherwise, PDI

11  explicitly reserves, and does not waive, all rights and defenses regarding the

12  proper venue for this matter.

13        Per Civil L.R. 3-2(d), this action shall be assigned to the San Francisco

14  Division or the Oakland Division of the United States District Court for the

15  Northern District of California, as this case was originally filed in the Superior

16  Court of the State of California, County of Alameda.

17  **III.    JURISDICTION**

18        The Court has original jurisdiction over this action based on diversity of

19  citizenship.  *Id.* § 1332.  This action is removable to this Court because it is a civil

20  action between citizens of different states, the amount in controversy exceeds

21  $75,000, exclusive of interest and costs, and Defendants are not citizens of

22  California.  *Id.* §§ 1441(b), 1446.

23        **A.    Requisite diversity of citizenship exists.**

24        Plaintiff filed this action in the Superior Court of the State of California,

25  County of Alameda.  (*See generally* Exh. A ["Compl."].)  PDI is informed and

26  believes, and thereon alleges based on the allegations in the Complaint, that

27  Plaintiff was, at the time this action commenced, and still is, a citizen of the State

28  of California.  (*See id.* ¶ 1 ["At all times material herein, Plaintiff Daniel Ortolivo

1  was and is a resident of the State of California."].)

2      For purposes of diversity jurisdiction, (1) corporations are deemed citizens

3  of the states in which they are incorporated and in which their principal place of

4  business is located; (2) a limited liability company is a citizen of every state of

5  which its owners/members are citizens; and (3) a natural person is a citizen of the

6  state in which he or she is domiciled.  *See* 28 U.S.C. § 1332(c)(1); *Johnson v.*

7  *Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A limited

8  liability company's principal place of business and state of organization are

9  irrelevant for purposes of diversity jurisdiction.  *See, e.g.*, *Jenkins v. Bayview*

10  *Loan Serv., LLC*, No. CV 18-8105, 2018 U.S. Dist. LEXIS 181056, at *5 (C.D.

11  Cal. Oct. 22, 2018).

12      PDI is a limited liability company.  PDI's members are (1) Precision

13  Dynamics, Inc., an Arizona corporation with its principal place of business in

14  Nashville, Tennessee; and (2) Ken Thwaits ("Thwaits"), an individual domiciled

15  in Tennessee.  Thus, PDI is a citizen of Arizona and Tennessee, and Thwaits is a

16  citizen of Tennessee.  Long is domiciled in, and thus a citizen of, the state of

17  Tennessee.  (Devitt Decl. ¶ 3.)

18      Defendants Does 1 through 25 are fictitious and, therefore, their citizenship

19  is disregarded for purposes of removal.  *See* 28 U.S.C. § 1441(b)(1).

20      Based on the foregoing, complete diversity of citizenship exists in this

21  matter because Plaintiff and Defendants are citizens of different states and

22  Defendants are not citizens of California.  *See id.* §§ 1332(a)(1), 1441(b).

23      **B.    The amount in controversy exceeds $75,000.**

24      To be removable on diversity of citizenship grounds, the amount in

25  controversy must exceed the sum or value of $75,000, exclusive of interest and

26  costs, at the time of removal.  *Id.* § 1332(a)(1).  As here, when removal is based

27  on diversity of citizenship and the initial pleading seeks monetary damages but

28  does not demand a specific sum, "the notice of removal may assert the amount in

1   controversy," *id.* § 1446(c)(2), and a removing defendant "need include only a

2   plausible allegation that the amount in controversy exceeds the jurisdictional

3   threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547,

4   554 (2014).

5        PDI denies the allegations in the Complaint and denies that it is liable to

6   Plaintiff on any purported cause of action or for any amount of damages.

7   However, taking Plaintiff's allegations in the Complaint as true for the purposes

8   of this Notice of Removal only, the amount of damages alleged, including

9   economic (e.g., "loss of wages"), non-economic (e.g., for "emotional distress,

10  humiliation, mental anguish, and embarrassment"), and punitive damages, as well

11  as Plaintiff's prayer for attorneys' fees – all of which are considered for

12  ascertaining the amount in controversy – exceeds $75,000, exclusive of interest

13  and costs. (*See, e.g.*, Compl. ¶¶ 57-60, 66-68; *id.* at p. 14 [prayer for relief].)

14       Plaintiff alleges he was an employee of PDI.  (*See id.* ¶¶ 12-16.)  PDI

15  denies such allegation.  However, taking the allegation as true for purposes of this

16  Notice of Removal only, Plaintiff's claim for economic damages, alone, exceeds

17  the $75,000 amount in controversy threshold.   At the time PDI allegedly

18  terminated Plaintiff's services on April 1, 2021 (*id.* ¶ 21), Plaintiff's fees were

19  approximately $9,583.33 per month. (Devitt Decl. ¶ 2.)  As of when Plaintiff filed

20  the Complaint on February 8, 2022, approximately 10 months had passed since

21  PDI allegedly terminated Plaintiff's services.  Therefore, based on Plaintiff's last

22  monthly fee rate of $9,583.33, Plaintiff's alleged backpay damages as of the filing

23  of the Complaint amount to $95,833.30 ($9,583.33 per month x 10 months).

24  Furthermore, trial in this matter is not anticipated until at least a year from the

25  filing of the Complaint.   Adding Plaintiff's claimed backpay damages of

26  $95,833.30 at the time of filing the Complaint to Plaintiff's annual equivalent fee

27  of approximately $114,999.96 equals $210,833.26.

28       Further, the conservative calculation of $210,833.26 does not take into

1    account other amounts sought by Plaintiff — including (1) other forms of backpay
2    in dispute; (2) non-economic damages, such as for Plaintiff's alleged emotional
3    distress; (3) punitive damages; and (4) attorneys' fees — all of which may be
4    considered when assessing the amount in controversy.  *See Arias v. Residence Inn*,
5    936 F.3d 920, 927 (9th Cir. 2019); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899
6    F.3d 785, 793-94 (9th Cir. 2018).

7            Accordingly, the face of the Complaint establishes that the amount in
8    controversy exceeds the jurisdictional limit of $75,000.

9    **IV.    NOTICE TO PLAINTIFF AND THE STATE COURT**

10           PDI will promptly serve on Plaintiff a written "Notice to Adverse Party of
11   Removal to Federal Court" and file a copy of that notice with the state court clerk
12   of the Superior Court of the State of California, County of Alameda, from which
13   this case was removed.  *See* 28 U.S.C. § 1446(d).  PDI will also give notice to the
14   state court clerk of this Notice of Removal.

15           **WHEREFORE**, PDI hereby removes this action from the Superior Court
16   of the State of California, County of Alameda, to the United States District Court
17   for the Northern District of California.

18

19   Date:  March 22, 2022            HAYNES AND BOONE, LLP
20
                                      By: _____
21                                        Tamara I. Devitt
22                                        Matthew E. Costello
23                                        Attorneys for Defendant
                                          PRECISION DYNAMICS
24                                        INTERNATIONAL, LLC
25
26
27
28

NOTICE OF REMOVAL

# PROOF OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  I am employed with the law offices of Haynes and Boone, LLP and my business address is 600 Anton Blvd., Suite 700, Costa Mesa, California 92626.

On March 22, 2022, I served the foregoing document, entitled **Defendant Precision Dynamics International, LLC's Notice of Removal**, on the interested parties in this action by serving a true copy thereof on the individuals below, as indicated:

Joseph L. Lovretovich jml@jmllaw.com        Attorneys for Plaintiff
Nicholas W. Sarris nsarris@jmllaw.com     Daniel Ortolivo
Tasha T. Salveron tsalveron@jmllaw.com
JML LAW, APLC
5855 Topanga Canyon Blvd, Suite #300,
Woodland Hills, CA 91367
Tel: 818-610-8800
Fax: 818-610-3030

☐    **BY ELECTRONIC SERVICE:** I caused such documents to be transmitted this date via internet/electronic mail for service on all parties in this case as a PDF attachment to the email addresses listed on the attached service list.

☐    **BY PERSONAL SERVICE:** I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action.

☐    **BY MAIL:** I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  Under that practice, such document was deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.

☒    **BY FEDERAL EXPRESS:** I am readily familiar with the firm's practice for collecting and processing of correspondence for overnight delivery by Federal Express.  Under that practice, such document was deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery.

1

2
      I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

3

4
      Executed on March 22, 2022, at Costa Mesa, California.

5

6
        Soumya Tadinada

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE