UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ORTOLIVO,<br><br>Plaintiff,<br><br>v.<br><br>PRECISION DYNAMICS INTERNATIONAL, LLC, et al.,<br><br>Defendants. | Case No.  22-cv-01812-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 33 |

Now before the Court for consideration is the motion to dismiss for lack of personal jurisdiction filed by Defendant Kevin Long ("Long").  The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY GRANTS Long's motion.

**BACKGROUND**

Plaintiff Daniel Ortolivo ("Ortolivo") alleges that he worked for Defendant Precision Dynamics International, LLC ("PDI") as a "Facilitator", pursuant to a contract between PDI and Nissan North America ("Nissan").  (Dkt. No. 2-2, Compl. ¶¶ 11-12.)  Long is PDI's President and Chief Operating Officer.  (*Id.* ¶; *see also* Dkt. No. 33-1, Declaration of Scott Long ("Long Decl."), ¶ 4.)[1]  Long attests that he has been domiciled in Tennessee since 2008, does not have a residence and has not owned any assets in California, has not paid income taxes in California, and has not been sued in California until Ortolivo filed this case.  He has "visited California on a few occasions for a few days at a time for personal vacations and business meetings," the latter involving customer meetings or conferences.  (Long Decl., ¶ 5.)

---

[1]     Unless otherwise noted, the Court refers to Long and PDI collectively as "Defendants."

1    Long also attests that his interactions with Ortolivo were within the scope of his duties

2    either as PDI's Vice President of Operations, COO and/or President, and he performed those

3    duties primarily in Tennessee.  Long executed independent contractor agreements between PDI

4    and Ortolivo's company, American Automotive Financial Services, Inc.  (Long Decl., ¶ 4, Exs. A-

5    D (Nissan Best Independent Contractor Agreements dated 2018 through 2021).)  According to

6    Ortolivo, Defendants misclassified him as an independent contractor and, because of that

7    misclassification, violated various provisions of California's Labor Code, including but not limited

8    to, failing to pay him overtime and failing to provide requisite meal and rest breaks.  (*See* Compl.

9    ¶¶ 14-20.)  Ortolivo also alleges PDI discriminated against him, but he has not asserted the

10   discrimination claims against Long.

11       The Court will address additional facts as necessary in the analysis.

12                                         **ANALYSIS**

13       Long moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), which

14   governs dismissal for lack of personal jurisdiction.  It is the plaintiff's burden to establish the

15   court's personal jurisdiction over a defendant.  *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir.

16   2007).  A court may consider evidence presented in affidavits to assist in its determination and

17   may order discovery on jurisdictional issues.  *Data Disc, Inc. v. Systems Technology Assoc., Inc.*,

18   557 F.2d 1280, 1285 (9th Cir. 1977).  When "a district court acts on a defendant's motion to

19   dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie

20   showing of jurisdictional facts to withstand the motion to dismiss . . . That is, the plaintiff need

21   only demonstrate facts that if true would support jurisdiction over the defendant."  *Ballard v.

22   Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted); *see also AT&T v. Compagnie

23   Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

24       Where the facts are not directly controverted, plaintiff's version of the facts is taken as

25   true.  *See AT&T*, 94 F.3d at 588.  A plaintiff cannot meet their burden by resting "on the bare

26   allegations" of the complaint.  *Schwarzenegger v. Fred Martin Co.*, 374 F.3d 797, 800 (9th Cir.

27   2004).  Conflicts between the facts contained in the parties' affidavits must be resolved in a

28   plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction

United States District Court
Northern District of California

2

exists.

"Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996)). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 801. The exercise of personal jurisdiction over a defendant comports with the Due Process Clause where the defendant has sufficient "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Court's focus when evaluating personal jurisdiction is on the "nature and extent of 'the defendant's relationship to the forum state.'" *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, -- U.S. --, 141 S. Ct. 1017, 1024 (2021) (quoting *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. --, 137 S. Ct 1773, 1779 (2017)); *see also Walden v. Fiore*, 577 U.S. 277, 290 (2014) ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.").

Ortolivo argues the Court can exercise specific jurisdiction over Long. Specific jurisdiction over a nonresident defendant exists where: (1) the defendant has purposefully directed its activities at the forum state or has purposefully availed itself of the privileges of doing business in the forum; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger*, 374 F.3d at 802. "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (internal citation omitted). However, if the plaintiff does meet that burden, the defendant must "present a compelling case" that exercising jurisdiction would be unreasonable. *Id.*

The Ninth Circuit has articulated two frameworks to analyze the first prong. First, in claims involving contracts, courts generally use a "purposeful availment" analysis. *Id.* Second,

United States District Court
Northern District of California

1    where tort claims are involved, courts generally use a "purposeful direction analysis." *Id.* Given

2    the nature of Ortolivo's claims against Long, the Court finds the purposeful direction analysis is

3    more appropriate in this case. *See, e.g., Duong v. Groundhog Enters.*, No. CV 19-1933-DMG

4    (MAAx), 2020 WL 2046397, at 4 (C.D. Cal. Feb. 7, 2020) (applying purposeful direction analysis

5    to wage and hour claims); *Harris v. Nerium Int'l, LLC*, No. 18-cv-2777-EDL, 2019 WL

6    11025879, at *5 (N.D. Cal. Jan. 25, 2019) (same and citing cases).

7         Ortolivo seeks to hold Long personally liable pursuant to California Labor Code section

8    558.1, which provides that "[a]ny … person acting on behalf of an employer" can be held liable

9    for Labor Code violations.[2] (*See* Opp. Br. at 3:7 n.1.) "Corporate officers can be liable for

10   corporate actions where they are the guiding spirit behind the wrongful conduct, or the central

11   figure in the challenged corporate activity." *In re Boon Glob. Ltd.*, 923 F.3d 643, 651 (9th Cir.

12   2019). Under the purposeful direction test, the Court examines whether Long committed an

13   intentional act, expressly aimed at California, which caused harm that he knew would be suffered

14   in California. *See Calder v. Jones*, 465 U.S. 783, 788 (1984); *Schwarzenegger*, 374 F.3d at 803

15        In *Delman v. J. Crew Group*, the court concluded that alleging that the CEO of the

16   corporate defendant was  a "hands-on micro-manager" and that he was "acutely aware of pricing

17   and marketing policy" was insufficient to allege he was subject to personal jurisdiction in

18   California. No. CV 16-9219-MWF (ASx), 2017 WL 3048657, at *4 (C.D. Cal. May 15, 2017).

19   Similarly, in *Helm v. Alderwoods Group, Inc.*, the court concluded the individual defendants

20   created the allegedly illegal policies and set the plaintiff's compensation and work schedules. 696

21   F. Supp. 2d 1057, 1071 (N.D. Cal. 2009). In *Enriquez v. Interstate Group, LLC*, the plaintiff

22   alleged that the individual defendant had promulgated the allegedly unlawful employment policy

23   that resulted in the decision to misclassify employees. No. 11-CV-05155-YGR, 2012 WL

24   3800801, at *4 (N.D. Cal. Aug. 31, 2012).

25        Ortolivo alleges that Long "held ultimate responsibility for the payment of wages to" him.

26

27   _____

28   [2]     Ortolivo alleges "each of the Defendants … acted as the employee, agent, partner, joint-employer, alter-ego, joint venture, affiliate, and/or co-conspirator with or each of the other Defendants," but he includes no underlying facts to support those allegations. (Compl. ¶ 7.)

4

1    (Compl. ¶ 3.)  Ortolivo also alleges that "Defendants unilaterally designated [him] as an

2    independent contractor in order to evade providing Plaintiff with his rights as an employee" under

3    California law.  (*Id.* ¶ 16.)  Although Long disputes Ortolivo's assertion that he and/or PDI made

4    the decision to classify Ortolivo as an independent contractor in his reply brief, he did not put

5    forth evidence to contradict those allegations.  Taking Ortolivo's allegations as true, the Court

6    concludes the facts here are closer to the facts in *Helm* or *Enriquez*, than *Delman,* albeit barely.

7         Although the Court concludes Ortolivo's facts are sufficient to show Long engaged in an

8    intentional act, it concludes they are not sufficient to show Long's conduct was aimed at

9    California.  Long alleges that he conducts his duties in Tennessee, and the fact that he knew

10   Ortolivo resided in California is not sufficient under *Walden*.  *See Walden*, 517 U.S. at 289;

11   *Overholt v. Arista Flow, Inc.*, No. 17-cv-1337, 2018 WL 355231, at *12-13 (S.D. Cal. Jan. 10,

12   2018).  In addition, the fact that Long signed the contract between PDI and Ortolivo's company

13   also is not sufficient to establish jurisdiction over him.  *See In re Boon Global Ltd.*, 923 F.3d 643,

14   651 (9th Cir. 2019) (holding that corporate officer who signs contract in corporate capacity is not

15   automatically subject to personal jurisdiction); *Forsythe v. Overmyer*, 576 F.2d 779, 783-84 (9th

16   Cir. 1978) ("[A] corporate officer who has contact with a forum only with regard to the

17   performance of his official duties is not subject to personal jurisdiction in that forum.").

18        Accordingly, the Court concludes Ortolivo fails to allege facts to meet his burden to show

19   the Court can exercise specific jurisdiction over Long.  The Court cannot say amendment would

20   be futile, and it dismisses the claims against Long without prejudice.  The Court grants Ortolivo

21   leave to amend, if he can do so in good faith and in compliance with Federal Rule of Civil

22   Procedure 11.  If Ortolivo chooses to amend, he shall do so by no later than November 29, 2022.

23   Defendants shall answer or otherwise respond to an amended complaint 21 days after it is filed

24   and served.

25        **IT IS SO ORDERED**.

26   Dated: November 8, 2022

27

28   _____
     JEFFREY S. WHITE
     United States District Judge

*United States District Court*
*Northern District of California*