UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ORTOLIVO,<br><br>    Plaintiff,<br><br>v.<br><br>PRECISION DYNAMICS INTERNATIONAL, LLC,<br><br>    Defendant. | Case No. 22-cv-01812-JSW<br><br>**ORDER RESOLVING JOINT LETTER BRIEF RE PRODUCTION OF PLAINTIFF'S TAX RETURNS**<br><br>Re: Dkt. No. 58 |

Now before the Court is the parties' joint letter brief regarding Defendant's demand for Plaintiff's tax returns. The Court has considered the parties' brief, relevant legal authority, and it HEREBY DENIES Defendant's request to compel production of the returns.

## ANALYSIS

During the course of discovery in this case, Defendant served a request for "[a]ll of the tax returns for [Plaintiff] or a business with which [Plaintiff is] affiliated from January 1, 2017 to the present."[1] Plaintiff refused to produce these documents on the basis that they are privileged and on privacy grounds. Plaintiff did testify that he reported income received from Defendant in his tax returns for AAFS. However, he followed his counsel's instruction not to answer any questions about whether AAFS took certain deductions on the basis that the information was privileged and on privacy grounds. (*See* Dkt. No. 50-1, Declaration of Matthew Costello in Opposition to Plaintiff's MSJ, ¶ 2, Ex. A (Deposition of Daniel Ortolivo ("Ortolivo Depo.") at 48:11-16, 50:3-51:12, 51:21-53:21, 56:13-58:23).)

---

[1] Defendant defined the term "Plaintiff" in its request for production as "Plaintiff Daniel Ortolivo, whether individually or acting for, by, and/or through American Automotive Financial Services, Inc. ("AAFS")." (Joint Letter Brief, Ex. A at 1 n.1.)

Unless limited by a court order,

> [p]arties may obtain discovery regarding any *nonprivileged* matter that is *relevant to any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Plaintiff argues that the question of whether the returns are relevant is moot because he admitted that he filed taxes on behalf of AAFS and that PDI issued Form 1099s to AAFS. (Letter Brief at 8.) "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In light of the various factors that are to be considered in making the evaluation of whether Plaintiff was an employee or independent contractor, the Court concludes Plaintiff's admissions do not render the question moot. It also concludes the tax returns would contain information that would be "relevant" to that determination. *See, e.g., Hennighan v. Insphere Ins. Sols., Inc.*, 38 F. Supp. 3d 1083, 1100 (N.D. Cal. 2014) ("An individual who deducts costs as business expenses or identifies himself as self-employed on personal tax returns weighs in favor of finding an independent contractor relationship."); *Bowerman v. Field Asset Servs., Inc.*, No. 13-cv-00057-WHO, 2013 WL 6057043, at *2 (N.D. Cal. Nov. 14, 2013) (concluding information was relevant to issue of misclassification but denying request to compel production).[2] Therefore, the Court turns to whether the information is privileged or otherwise protected from discovery.

Because jurisdiction is premised on diversity, California's privilege law applies. *In re Cal. Pub. Util. Comm'n v. Westinghouse Elec. Corp.*, 892 F.2d 778, 781 (9th Cir. 1989). Tax returns are subject to a qualified privilege under California law. *Webb v. Standard Oil Co.*, 49 Cal. 2d 509, 513 (1957). The privilege will not apply when: (1) a party intentionally waives the privilege;

---

[2] Because the Court concludes the tax returns would be relevant to the misclassification issue, it expresses no opinion on whether they also would be relevant to damages.

(2) "the gravamen of the lawsuit is so inconsistent with the continued assertion of the taxpayer's privilege as to compel the conclusion that the privilege has in fact been waived;" or (3) a public policy outweighs the confidentiality of the returns. *Schnabel v. Sup. Ct.*, 5 Cal. 4th 704, 720 (1993) (cleaned up). The first and third circumstances are not at issue here.[3]

In *Bowerman,* the court concluded that although the tax returns were relevant to the issue of misclassification, it also concluded that the "gravamen" of those claims was not inconsistent with their assertion of the privilege. *Bowerman,* 2013 WL 6057043, at *2. The court reasoned that information regarding the "sources of the Bowermans' income, as well the costs, investments, and expenses incurred and made by the Bowermans' in their business, … can be secured through sources other than the Bowermans' tax records, such as through written discovery (production of all unprivileged records regarding income from sources other than from FAS; production of all records of business expenses) tested by depositions." *Id.* In *Lawson v. Grubhub, Inc.*, the court reached the same conclusion, in large part because the plaintiff made a judicial admission that he was self-employed and offered to respond to interrogatories "about self-employment, expenses, and other sources of income in additional interrogatories[.]" No. 15-cv-05128-JSC, 2017 WL 1684964, at *2 (N.D. Cal. May 3, 2017).

Plaintiff testified that he kept track of business expenses and that he had documentation of those expenses. (Ortolivo Depo. at 51:22-52:5.) He also answered questions about investments in AAFS and testified that he would have records of any investments in the business. (*Id.* at 53:23-56:12.) Defendant has not stated that Plaintiff refused to produce those documents. In light of Plaintiff's testimony, and following the reasoning in *Bowerman* and *Lawson,* the Court concludes Defendant has not shown that the gravamen of Plaintiff's claims is inconsistent with his assertion of California's privilege for tax returns.

Accordingly, the Court DENIES Defendant's request to compel production of the tax returns.

//

---

[3] Plaintiff did not provide the tax returns at issue to his damages expert. (Joint Letter Brief at 6.)

1  This ruling is without prejudice to Defendant renewing the request if Plaintiff takes action
2  that is inconsistent with the assertion of the privilege as the litigation progresses.
3  **IT IS SO ORDERED**.
4  Dated: November 28, 2023

_____
JEFFREY S. WHITE
United States District Judge